SEXTON, Judge.
This 35 year old defendant entered a plea of guilty to one count of the offense of possession of amphetamine with intent to distribute. He was subsequently sentenced on May 11, 1984 to three years at hard labor. He now appeals contending that he was ineffectively represented by counsel and that he received an excessive sentence.
In Assignment of Error No. 1, appellant contends that trial counsel was ineffective because various preliminary motions were not filed and because defense counsel attempted to waive the defendant’s presence at various proceedings including the sentence hearing.
Initially, we note that an unqualified plea of guilty waives all non-jurisdictional defects occurring prior to the plea. State v. Moore, 420 So.2d 1099 (La.1982). Furthermore, based on this record before us we are unable to speculate upon trial counsel’s strategy or to judge defendant’s contentions under this assignment. Under these circumstances, the appropriate avenue for asserting these claims is through a post-conviction application. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Colvin, 452 So.2d 1214 (La.App. 2d Cir.1984).
In Assignment of Error No. 2, the defendant complains that his sentence of three years at hard labor is excessive under the circumstances of this case. In so con *3 tending, appellate counsel, while conceding that the pre-sentence investigation was made available to defendant’s trial counsel, contends that there was no opportunity to attack or refute certain of the findings of the probation officer or the judge. Counsel specifically complains that the trial judge noted that the defendant had in his possession assorted drug paraphernalia including needles, syringes, and a triple beam scale, and that the defendant was given no opportunity to rebut that information.
However, the statement of facts made by the district attorney at the time the defendant pled guilty included the statement that during the search, in addition to the white powder forming the subject of this conviction, roach clips, glass vials, needles, residue, capsules, marijuana, and scales were found. In response to a question from the trial judge, the defendant agreed that those facts were substantially correct. He also conceded that he had possessed the amphetamine involved with the intent to distribute it.
In sentencing the defendant, the trial judge noted that several other drug related charges, as well as a charge of possession of a firearm by a convicted felon, were dismissed. The court noted the defendant’s previous conviction in 1974 for possession of amphetamine, for which he was given a suspended sentence. The court also noted that this suspended sentence was revoked and the defendant served a period of time in the state penitentiary. The trial court was obviously concerned that after this experience of incarceration, the defendant would again become involved with the same substance. The court specifically noted that the defendant was involved with amphetamines for profit. The court thus found that the circumstances of the case indicated that the offense was likely to reoccur.
The court also noted that the pre-sen-tence investigation had been made available to defense counsel over six weeks prior to the sentencing and took note of defense counsel’s statement that the defendant was involved in a very strict outpatient program with the local Odyssey House. The court also took note of the defendant’s familial circumstances and his cooperation with police subsequent to his arrest, as well as a number of letters furnished the court from friends and acquaintances through trial counsel. However, the mitigating circumstances considered, the trial court obviously determined that a three year sentence for this multiple drug offender involved in the sale of a dangerous substance for profit was appropriate.
In summary, trial counsel, who had obviously provided a great deal of information to the trial court and who had been furnished a copy of the presentence investigation well in advance of the sentencing, made no objection to the statements of the trial court and did not request an opportunity to refute any of the statements of the trial court or the information contained in the presentence investigation. Thus, the record itself refutes the contentions of the defendant with respect to a lack of opportunity to refute derogatory information. As a second felony offender, the defendant is ineligible for probation. LSA-C.Cr.P. Art. 898. The sentence imposed is well articulated and supported by the record. It is not excessive. The defendant’s sentence is affirmed.
AFFIKMED.