PER CURIAM.
The defendant, James Roosevelt George, pled guilty to simple burglary and was sentenced to ten years at hard labor. He appeals this sentence, asserting that it is excessive.
FACTS
On November 8, 1984, the defendant and an accomplice were observed burglarizing a mobile home located in Elm Grove, Louisiana. The defendant was arrested the next day and charged with a violation of LSA-R.S. 14:62.2, simple burglary of an inhabited dwelling. He gave the police a full confession that day.
On January 28, 1985, pursuant to a plea bargain, the defendant pled guilty to one count of simple burglary, a violation of LSA-R.S. 14:62. The state agreed not to prosecute the defendant as a multiple offender under LSA-R.S. 15:529.1. The plea was accepted by the court and a presen-tence investigation report was ordered.
On June 4, 1985, the court held a sentencing hearing where the presentence report was reviewed with the defendant. The court’s sentence was ten years at hard labor in the custody of the Louisiana Department of Corrections.
The defendant’s sole assignment of error asserts that the sentence was excessive and constitutes cruel and unusual punishment. The defendant’s brief presents two issues for consideration:
(1) Was the trial court clearly wrong in giving much weight to the assumption that the agreement by the state not to file a multiple offender bill mitigated in the defendant's favor?
(2) Did the trial court abuse its discretion by imposing a sentence of ten years incarceration at hard labor considering the defendant’s particular circumstances?
We affirm, finding the assignment of error to be without merit.
ISSUE # 1 — AGREEMENT NOT TO PROSECUTE THE DEFENDANT AS A MULTIPLE OFFENDER
The defendant argues that the trial court gave undue weight to the benefit the defendant received from the state’s agreement not to prosecute him as a multiple offender. The defendant alleges that this agreement was of absolutely no consequence as more than five years had elapsed between his discharge from incarceration for a prior felony and the commission of the instant offense. The defendant concludes by asserting that as his most recent felony conviction occurred on January 29, 1985, one day after the instant conviction, then this crime cannot be used as a basis for the multiple offender statute. More than five years have elapsed from the time of defendant’s release from custody on a prior forgery conviction and for this reason this felony cannot form a basis for the application of the multiple offender statute. LSA-R.S. 15:529.1(C); State Ex Rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982). In the only other relevant felony the defendant was charged on September 20, 1984, with receiving stolen things and forgery. He was sentenced on January 29, 1985, to eight years at hard labor. However, as the conviction date is not revealed in the record, it cannot be determined if it was prior to November 8, 1984, the date of the instant burglary. If he was convicted or pled guilty to this charge any time prior to the November 8, 1984 burglary he was subject to the multiple offender statute. The defendant’s valid and unqualified guilty plea, however, negates the relevance of this argument.
The defendant’s alleged mistake of fact as to the legal effect of his felony convictions is a non-jurisdictional defect un *929 derlying the plea bargain. Cf. State v. Taylor, 441 So.2d 1306 (La.App. 1st Cir. 1983). A valid, unqualified plea of guilty waives all non-jurisdictional defects. State v. McKinney, 406 So.2d 160 (La.1981); State v. Bauman, 468 So.2d 2 (La.App. 2d Cir.1985), writ denied, 472 So.2d 41 (La. 1985).
The record establishes that the defendant's guilty plea was unconditional. The validity of the plea itself is not questioned. The plea bargain totally eliminated the possibility of filing a multiple offender charge against the appellant whether or not the appellant was actually exposed to the application of the statute. For these reasons the trial court was correct in considering the substantial benefit the defendant received when the state agreed not to prosecute him as a multiple offender.
ISSUE # 2 — OTHER CIRCUMSTANCES ALLEGED TO SUPPORT EXCESSIVE SENTENCE CONTENTION
The defendant argues that the sentence received is excessive considering the fact that his conduct did not threaten serious harm, that it was motivated by drug addiction and that he has started to change his life in a more positive direction.
LAW ON THE REVIEW OF CRIMINAL SENTENCES
The record should show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied, 439 So.2d 1074 (1983).
The reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence is excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless and needless infliction of pain and suffering. The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Nelson, supra; State v. Hammonds, supra. In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions, as set forth in a presentence investigative report, and may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La. 1984).
The maximum penalty for simple burglary is a fine of not more than $2,000, or imprisonment with or without hard labor for not more than twelve years, or both. LSA-R.S. 14:62. Under the Habitual Offender Statute, a second felony conviction enhances the penalty for simple burglary for a term not less than one-third and not more than twice the longest term prescribed for a first conviction. LSA-R.S. 15:529.1(A)(1). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
The record establishes that the defendant has a significant history of criminal behavior. The presentence investigative report reveals that since 1974 the defendant has been arrested on five counts of forgery, four counts of theft, receiving stolen things, armed robbery, resisting arrest and possession of stolen property. Of these charges he has been convicted of two counts of forgery, two counts of theft, two counts of misdemeanor theft and one count of receiving stolen things.
The trial court took into consideration, as mitigating factors, the fact that the defendant and his wife had written letters asserting that the defendant has begun to change his lifestyle. The judge also noted that the conduct in question did not threaten serious harm and refused to consider an armed *930 robbery charge denied by appellant in the sentencing decision.
The court also considered the defendant’s motivating drug addiction, his prior criminal activity and the substantial benefit he received by avoiding exposure to a maximum of 24 years imprisonment as an habitual offender.[1]
We conclude the trial court properly adhered to LSA-C.Cr.P. art. 894.1 and correctly determined the sentence imposed was appropriate and that any lesser sentence would deprecate the seriousness of the crime. We also conclude that the sentence imposed does not violate LSA-Const. Art. 1, § 20 (1974). The defendant’s significant criminal record and the substantial benefit he received by avoiding prosecution as an habitual offender compels the conclusion that the trial judge did not abuse its discretion in sentencing the defendant to ten years at hard labor.
CONCLUSION
The sentence is AFFIRMED.

. The defendant also asserts that too much weight was given to the fact that he avoided prosecution for simple burglary of an inhabited ' dwelling as he was not eligible for probation or suspension of sentence and as the maximum exposure of 12 years was the same for simple burglary. The record does not establish that the trial court relied upon this aspect of the plea bargain as a militating factor.