537 So.2d 848 (1989)
STATE of Louisiana
v.
Barry JONES.
No. 88-KA-529.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
*849 George T. Oubre, LaPlace, for appellant.
William Guste, Atty. Gen., John M. Crum, Jr., Dist. Atty., 40th Judicial Dist., George Ann Hayne Graugnard, Asst. Dist. Atty., Edgard, for appellee.
Before CHEHARDY, KLIEBERT and GAUDIN, JJ.
CHEHARDY, Chief Judge.
Barry Jones was convicted of violation of LSA-R.S. 14:62 (simple burglary), found to be a multiple offender under the Habitual Offender Act (LSA-R.S. 15:529.1), and sentenced to 15 years' imprisonment at hard labor. Following appeal to this court, his conviction was affirmed, but the sentence was vacated and the case was remanded for further proceedings to clarify the defendant's status as multiple offender because it was unclear whether the trial court had sentenced him as a second or as a third felony offender. State v. Jones, 516 So.2d 396 (La.App. 5 Cir.1987).
Upon remand, the trial court specified the defendant was being sentenced as a second felony offender and imposed the same sentence as he had before, 15 years at hard labor. The defendant appealed.
On this appeal, the defendant has briefed three assignments of error. In the first, he contends the trial judge committed reversible error when he refused to furnish the defendant a copy of the presentence report and refused to disclose the contents of the report in spite of Jones' request, so the defendant might refute any derogatory information contained therein.
We find no merit to this assignment of error. Under LSA-C.Cr.P. art. 877, a presentence or post-sentence investigation report is privileged information and may not be disclosed either directly or indirectly to anyone other than the sentencing court and certain specified officials. Although the court may advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation report, the sources of any confidential information may not be disclosed.
The defendant's attorney noted for the record at the second sentencing that he had not been supplied with a copy of the presentence report at the time of the initial sentencing or at the second sentencing. However, no such statement was made at *850 the original sentencing. There was no objection to the use of the presentence report or any allegation of prejudice toward the defendant as a result of the reports used.
The defendant cited State v. Simmons, 466 So.2d 777 (La.App. 4 Cir.1985), to support his contention the court was required to disclose the contents of the presentence investigation report. We find Simmons inapplicable here. There is no allegation the report contains false information detrimental to the defendant.
The defendant's other two assignments of error concern the length of the sentence itself. He argues in both assignments that the sentence is excessive because it is the same as at the first sentencing when, he alleges, he was triple-billed, although he was only double-billed at the resentencing.
The defendant was convicted of violation of R.S. 14:62. The maximum penalty for simple burglary is a fine of not more than $2,000, imprisonment with or without hard labor for not more than 12 years, or both.
Under LSA-R.S. 15:529.1(A)(1), a second felony offender is required to be punished as follows:
"If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction; * * *."
Thus, the defendant faced a potential term of 24 years' imprisonment at hard labor. At both the original sentencing and the resentencing he was sentenced to 15 years' imprisonment at hard labor, with credit for time served.
A sentence of 15 years on a simple burglary conviction for a second felony offender is clearly not excessive. See State v. Lewis, 489 So.2d 1055 (La.App. 1 Cir.1986), writ denied, 493 So.2d 1218 (La.1986) (16 years); State v. George, 482 So.2d 927 (La. App. 2 Cir.1986) (10 years); State v. Morris, 457 So.2d 119 (La.App. 2 Cir.1984) (18 years).
The focus of the defendant's complaint, however, is his assumption that he was sentenced originally as a three-time felony offender and the second time as a two-time offender, yet received the same sentence on both occasions. He implies that the second sentence indicates vindictiveness against him.
We conclude he is wrong, however. Although the trial court indicated in the original sentencing that the defendant had two prior felony convictions, it was unclearas we stated in the original appealwhether he was sentenced as a second or as a third felony offender. At the resentencing no mention was made of a third felony; the judge specified that the defendant was being sentenced as a second offender and reiterated his reasoning from the original sentencing. We find no indication of vindictiveness.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.