715 So.2d 518 (1998)
STATE of Louisiana, Plaintiff-Appellee,
v.
Edward C. KENNERSON, Defendant-Appellant.
No. CR97-1682.
Court of Appeal of Louisiana, Third Circuit.
June 3, 1998.
*519 Jerold Edward Knoll, Marksville, Michael F. Kelly, Assistant District Attorney, for State.
Dmitrc I. Burnes, Alexandria, for Edward Kennerson.
Before YELVERTON, GREMILLION and PICKETT, JJ.
PICKETT, Judge.
On the night of July 15, 1995, Defendant gathered three other men and drove them to the home of Wayne Bordelon in Avoyelles Parish. Bordelon's unlocked truck was parked in his driveway; his son's locked truck (registered in Bordelon's name) was also parked there. Kennerson and his accomplices entered both trucks, removed various items, then left. Bordelon did not realize he had been burglarized until the next morning.
Continuing their enterprise, the burglars went to the home of Dr. James Guillory, also in Avoyelles Parish. While two of his accomplices stayed in the yard to eat pears from Guillory's trees, Defendant and his other compatriot, a juvenile, entered a shed attached to the victim's carport and removed boxes of frozen meat. The burglars loaded it into Kennerson's car with the items taken from Bordelon's trucks, then left. Guillory did not realize the meat had been taken until the next morning.
On October 3, 1995, Defendant, Charles Edward Kennerson, was charged by bill of information with two counts of simple burglary, in violation of La.R.S. 14:62. At the completion of trial on May 17, 1996, the six-member jury found him guilty on both counts. Pursuant to La.R.S. 15:529.1, Defendant was charged as a habitual offender on June 4, 1996. The court advised him of his constitutional rights on the same date. Kennerson's current counsel enrolled on June 25, 1996. After a hearing held July 9, 1996, the district court found Defendant to be a third habitual offender. The court denied his Motion for Post-Verdict Judgment of Acquittal after a hearing on July 23, 1996. After reviewing the Presentence Investigation Report (PSI) and hearing further arguments, the district court sentenced Defendant to twenty (20) years on each count, to run consecutively. Kennerson's Motion to Reconsider Sentence was denied on August 26, 1996. Defendant appealed his conviction and sentence. On May 7, 1997, this court affirmed Defendant's conviction, but reversed and vacated his adjudication and sentence as a third habitual offender. The case was remanded to the trial court for resentencing Defendant as a second habitual offender and not in a manner inconsistent with this opinion. State. v. Kennerson, 96-1518 (La.App. 3 Cir. 5/7/97); 695 So.2d 1367. Defendant was resentenced to nineteen years on each count, to run concurrently. Defendant now appeals his conviction and resentencing by assigning five errors committed by the trial court.

ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error Defendant contends the trial court erred in resentencing him. He complains that the trial court failed to abide by the directions of this court's ruling in Kennerson, 695 So.2d 1367. This assignment lacks merit. Defendant misconstrues what this court previously ordered. This court stated, "[a] shorter sentence, to run concurrently, would be more appropriate under the circumstances of this case." Id. at 1383. Further, in the conclusion of Kennerson this court held:
Accordingly, the defendant's convictions are affirmed, but defendant's adjudication and sentence as a third habitual offender should be reversed and vacated. The case is remanded to the trial court in order to resentence the defendant as a second felony offender and in a manner not inconsistent with this opinion.
Id. at 1384.
At resentencing the trial court sentenced Defendant as a second felony habitual offender as follows:

*520 Accordingly, Mr. Kennerson, it's the sentence of the court that you be committed to the custody of the Louisiana Department of Corrections, to serve at hard labor, for a period of 19 years on one count, one charge, and
On the second count, a period of 19 years; this sentence to run concurrent with the previous sentence of 19 years, which this court has imposed.
You're given credit for time served.
Defendant argues that the trial court originally sentenced Defendant to two twenty (20) years prison sentences, to run consecutively, and that this court stated a shorter sentence is more appropriate. He asserts this court intended the trial court to adjust Defendant's sentence downward by more than just one year, from twenty (20) to nineteen (19) years.
The trial court, on resentencing, followed the dictates of this court. In Kennerson, this court held that, "[d]espite the fact that the individual sentences appear to be legally sound, their combined effect is disproportionate to the crimes committed." Id. at 1382. This court's concern was the combined effect, not the length of the individual sentences. The trial court reduced the sentences by one year each and made them concurrent, rather than consecutive. This significantly reduced Defendant's prison term, by more than one-half. Defendant's total sentence was reduced from forty (40) years to nineteen (19) years. The trial court complied with the order of this court. Therefore, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2:
In his second assignment, Defendant contends his new sentences are excessive and constitute cruel and unusual punishment. The trial court has great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983); Kennerson, 695 So.2d 1367. Absent a manifest abuse of discretion, a sentence should not be set aside. State v. Washington, 414 So.2d 313 (La.1982); Kennerson, 695 So.2d 1367.
In the case sub judice, the sentencing range on each count was from six (6) to twenty-four (24) years. Defendant, on resentencing, received nineteen (19) years on each count, to run concurrently. In Defendant's previous appeal he raised a constitutional excessiveness claim. This court found no error in the trial court sentencing Defendant to twenty (20) years on each count. This court's vacation of Defendant's sentences was based on the combined effect of the sentences caused by the consecutive nature of the sentences. This court held, "[f]ocusing on the constitutional claim advanced by the defendant, the jurisprudence suggests that the defendant's individual sentences are neither shocking nor grossly disproportionate to the severity of the crimes committed." Kennerson, 695 So.2d at 1382. This court has already held the individual sentence lengths were not constitutionally excessive when they were greater than they are now. Other courts have also upheld similar sentences as constitutional. See State v. Anderson, 609 So.2d 831 (La.1992); State v. Martin, 28,489 (La.App. 2 Cir. 8/21/96); 679 So.2d 557, writ denied, 96-2367 (La.2/7/97); 688 So.2d 498; State v. Jones, 537 So.2d 848 (La.App. 5 Cir.1989).
As stated above, this court vacated the sentences based on the consecutive nature of the sentences. Further, this court ordered the trial court to run the sentences concurrently, which the trial court did. Defendant was exposed to a sentence range of six (6) to forty-eight (48) years combined. Defendant received, on resentencing, nineteen (19) years on each count, to run concurrently. Even though Defendant's individual sentences are in the high range, which this court has previously found constitutional, his combined sentence is within the low range. Defendant's sentences are not constitutionally excessive. Thus, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3:
In his third assignment, Defendant contends the trial court erred in denying his Motion for a New Trial which raised the issue that the State had not provided requested exculpatory evidence to Defendant prior to trial. We will address this issue on the merits, under statutory law, without addressing either the procedural question of *521 whether this motion can be timely filed after remand for resentencing only or reaching the issue of whether this information is in fact exculpatory.
Defendant argues that the State withheld information that individuals with him during the time of the alleged crimes had entered into plea agreements with the State and that they would be testifying against him. He contends defense counsel was unaware of the information until trial and thus, was unable to properly cross-examine the witnesses. Defendant complains that this information is exculpatory and should have been disclosed by the State prior to trial. Defendant asserts his claim as a Motion for a New Trial.[1]
La.Code Crim.P. art. 851(3) (Emphasis added), grounds for new trial, states the following:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
Defendant filed a Motion for a New Trial after his first appeal but prior to resentencing. The trial court determined that the motion was timely filed because it was filed prior to sentencing. See La.Code Crim.P. art. 853. The trial court held that defense counsel cross-examined the witnesses as to a plea agreement, the jury had been able to hear all of the testimony and weigh the evidence, and this court had fully reviewed the record as to the conviction; thus, the trial judge denied the motion.
La.Code Crim.P. art. 851(3) requires that Defendant assert "new evidence" and that it not be discovered "before or during the trial." In the case at bar, the State, which initially brought up the plea agreement, and Defendant's attorney elicited testimony from the two (2) witnesses, Christopher Gains and Clifton Young, as to the nature and the extent of the benefit of the plea agreement each of them received. Further, the plea bargain of both witnesses was referenced in opening and closing statements. The record does not reveal at exactly what time defense counsel became aware of the two (2) witnesses' plea agreement. Defendant does not specifically assert when counsel actually found out about the plea agreement. In the pro se Motion for New Trial, Defendant states, "somewhere before trial of defendant," co-defendants entered into a plea agreement with the State. However, defense counsel made no objection and was clearly aware that the witnesses had plea agreements with the State as he questioned them in depth about it. At the latest, defense counsel became aware of the plea agreement "during the trial." Therefore, this issue is not "new evidence" and it was discovered at the latest "during the trial," as it was thoroughly brought out at the trial by both the State and defense.
Also, Article 851(3) requires that the new evidence not discovered before or during the trial "would have probably changed the verdict." The jury was fully aware of the plea agreements made between both Christopher Gains and Clifton Young, and the State. Defense counsel presented this information to the jury and the jury was able to weigh their testimony accordingly. Therefore, Defendant has failed to prove that this so called new evidence, which it is not, "would have probably changed the verdict" if defense counsel would have had knowledge of the plea agreement at an earlier time.
Defendant has failed to set forth and establish a ground for a new trial as required by La.Code Crim.P. art. 851. Therefore, this assignment is meritless; the court need not address the procedural issue raised by the State.

*522 ASSIGNMENT OF ERROR NO. 4:

In his fourth assignment, Defendant argues the trial court erred in resentencing him as a second felony habitual offender, after this court vacated his original sentence, without conducting a hearing to determine whether he was in fact a second felony habitual offender. This assignment lacks merit.
In Kennerson, 695 So.2d 1367, Defendant contended that the State failed to prove his Texas convictions, Harris County and Jefferson County, were equivalent to Louisiana felonies. This court affirmed his conviction but vacated his sentence as a third habitual offender and remanded the case for resentencing.
This court held that the three (3) Jefferson County convictions were treated as one conviction under the habitual offender bill. This court also found that two of the convictions were adequately proved at the habitual offender hearing to establish Defendant was a second habitual offender.
This court, in Kennerson, stated the following,
Based on this court's analysis, the Harris County convictions and one of the Jefferson County convictions were not shown to be equivalent to Louisiana felonies, as required by La.R.S. 15:529.1.
As the Jefferson County convictions counted as one predicate offense, the defendant, at most, was proven to be a second habitual offender, and should be resentenced as such. Of course, the state would have the option of once again attempting to prove that the defendant is a third habitual offender, as double jeopardy does not apply to habitual offender adjudications.
Id. at 1379 (Citation omitted).
In conclusion, as stated previously, this court held,
Accordingly, the defendant's convictions are affirmed, but the defendant's adjudication and sentence as a third habitual offender should be reversed and vacated. The case is remanded to the trial court in order to resentence the defendant as a second felony offender and in a manner not inconsistent with this opinion.
Id. at 1384.
Defendant asserts the trial court should have conducted another habitual offender hearing to establish that he was a second habitual offender. This court thoroughly reviewed the habitual offender proceeding and confirmed that the State had in fact proven that Defendant was a second habitual offender. The trial court was not required to conduct another habitual offender hearing in order to establish Defendant was a second habitual offender. This court vacated Defendant's sentence as a third habitual offender, not as a second habitual offender. This court instructed the trial court that they could sentence Defendant as a second habitual offender if the State chose not to attempt to prove Defendant was a third habitual offender. The trial court, in sentencing Defendant as a second habitual offender, complied with the mandates of this court. A second habitual offender hearing was not necessary since the State did not try to enhance Defendant's sentence as a third habitual offender. Therefore, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5:
In his final assignment of error, Defendant asserts the trial court erred in basing Defendant's sentences on erroneous facts. Defendant argues this court should vacate and remand for resentencing due to the trial court misstating a single fact during the resentencing. The trial court stated,
Although the Court of Appeal said you are a `petty criminal,' breaking into someone's home, in the privacy of their home, and stealing meat from a freezer, is not what this court considers to be a `petty crime,' due to the great risk of bodily harm that would have occurred, had the persons been there or awakened, during the burglary. (Emphasis added).
Defendant is correct. This is not an exact factual description of the relationship between the house and the shed where the meat was stolen from. The shed was not per se physically attached to the home, except by a continuous walkway, but it was in very *523 close proximity of the home. At trial, Dr. James Guillory, owner of the home and shed, described the relationship in the following manner,
Q. Now, on thewould you describe the home that you have in just sort of a general way. Is this a residence?
A. It's a 3 bedroom brick home with a garage with an extension of what you're referring to being a shed, it's a little storage area there.
Q. It's actually part of the house?
A. It's not connected completely. There's a separation between there, but there's a continuous concrete walk going to it and the freezer is located in that storage area.
Q. All right.
A. And that particular area was unlocked.
Q. All right. There's a storage area, and how big is that storage area?
A. The width of theapproximately, I'm not sure, about 25 feet wide and the depth of it would be 7 or 8 feet.
The trial judge articulated very thoroughly the factual basis and factors considered in rendering Defendant's sentences. The trial judge's articulated reasons strongly support the sentences rendered. The great danger to the people in the home, referenced by the trial judge, was still present due to the close proximity of the home and shed.
Defendant has failed to establish any prejudice from the trial judge's minor, technical misstatement of the relationship between the home and the shed. Absent any prejudice, this is harmless error. Therefore, this assignment is without merit.
For the above reasons, the conviction and resentencing is affirmed.
AFFIRMED.
NOTES
[1] The fifth circuit, in State v. Kelly, 96-903 (La. App. 5 Cir. 11/12/97); 704 So.2d 800; recently held, with the same fact pattern and defense making the same argument, defendant was not entitled to a continuance. Defendant's request for a continuance was made during trial, not after appeal or upon resentencing. The court stated that there was no abuse of discretion by the trial court in failing to grant a continuance. In Kelly at 807, the fifth circuit notes that writs were denied by the fifth circuit and the Louisiana Supreme Court on the issue. (No citation was provided or found).