COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

TOMMY BORDELON

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 117139
HONORABLE ARTHUR PLANCHARD, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

**SENTENCE VACATED AND REMANDED.**

**James E. Beal, Attorney at Law**
**Louisiana Appellate Project**
**P.O. Box 307**
**Jonesboro, LA 71251-0307**
**Counsel for Defendant-Appellant:**
    **Tommy Bordelon**

**Michael F. Kelly, First Assistant District Attorney**
**Office of the District Attorney**
**P.O. Box 528**
**Marksville, LA 71351**
**Counsel for Appellee:**
    **State of Louisiana**

**PAINTER, Judge.**

Defendant, Tommy Bordelon, appeals the sentence on his conviction (as a habitual offender) for car jacking, a violation of La.R.S. 64.2. Finding that Defendant's sentence is improper as having occurred in the wrong docket number, we vacate Defendant's sentence and remand the matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2003, Defendant was convicted of car jacking in the Twelfth Judicial District Court, docket number 117,139. He was adjudicated a third felony habitual offender in trial court docket number 118,447 on August 29, 2003, and sentenced to twenty-five years at hard labor. Defendant's conviction and sentence were affirmed on appeal. *State v. Bordelon*, an unpublished opinion bearing docket numbers 04-490 and 04-491 (La.App. 3 Cir. 2/2/05), *writ denied*, 05-959 (La. 4/17/06), 926 So.2d 500.

Defendant's conviction for stalking, which occurred after Defendant pled guilty to stalking on January 25, 1999, in the Twenty-Fourth Judicial District Court, docket number 98-4883, was used to support his adjudication as a third felony offender. Defendant appealed this conviction to the Louisiana Fifth Circuit Court of Appeal, and on October 1, 2007, the fifth circuit found that Defendant's conviction for stalking was a misdemeanor and remanded the matter to the Twenty-Fourth Judicial District Court and ordered the district court to correct the minute entry and commitment order to reflect that Defendant pled guilty to a misdemeanor and not a felony.

1

On October 25, 2007, Defendant filed a "Motion to Correct An Illegal Sentence" in trial court docket number 117,139. Therein, he alleged that his sentence was illegal because one of the predicate offenses used to enhance his sentence for car jacking was found to be a misdemeanor. At a hearing held in trial court docket number 117,139 on November 13, 2007, the trial court noted that Defendant had committed two felonies and granted the motion.

On May 1, 2008, the trial court sentenced Defendant in trial court docket number 117,139 to twelve years at hard labor without benefit of probation or suspension of sentence as a second felony offender pursuant to La.R.S. 15:529.1. An oral motion to reconsider sentence was made and denied.

A Motion for Appeal was filed in trial court docket number 117,139 on May 12, 2008, and granted. An Amended Motion for Appeal was filed on June 17, 2008. Therein, defense counsel sought to have trial court docket number 118,447, the docket number in which the habitual offender proceedings were held, included in the appeal. The judge denied the motion, asserting that he had only been appointed to hear matters in trial court docket number 117,139.[1]

Defendant is now before this court asserting two assignments of error. Therein, he contends that: 1) he has been sentenced as a second felony habitual offender without ever having been so adjudicated; and 2) the official court minutes and commitment order, which deny him parole eligibility, are inconsistent with the sentence pronounced in open court. Defendant has also filed a *pro se* brief in which he asserts the following four assignments of error: 1) the trial court erred when it

---

[1] By order dated March 26, 2008, Judge Arthur Planchard was assigned judge ad hoc by the supreme court to hear and dispose of the matter entitled "'State of Louisiana vs. Tommy Bordelon,' No. 117,139-A . . . subject to the completion of any unfinished business."

failed to hold a readjudication hearing prior to resentencing to determine his offender status after the original multiple offender adjudication was defective; 2) the trial court erred when it failed to rule on his *pro se* motion to reconsider sentence; 3) the trial court erred in failing to hold an evidentiary hearing on his *pro se* motion to quash; and 4) Defendant asks this court to review the record for errors patent.

For the following reason, namely a procedural irregularity which renders the sentence improper, we will not consider these assignments of error and vacate Defendant's sentence and remand the matter to the trial court for further proceedings.

## DISCUSSION

Defendant was adjudicated a habitual offender in trial court docket number 118,447 and subsequently sentenced. Defendant filed his Motion to Correct Illegal Sentence in trial court docket number 117,139. The motion was subsequently granted by the trial court, and Defendant was found to be a second offender and sentenced in that docket number. We find that the motion to correct Defendant's sentence was filed in the incorrect docket number, as no sentence had been imposed in trial court docket number 117,139. Additionally, the resentencing occurred in the incorrect docket number. The motion should have been filed and the resentencing should have taken place in trial court docket number 118,447 since that was the docket in which the habitual offender adjudication occurred. As Defendant was sentenced in the incorrect docket number, his sentence is not proper. Therefore, Defendant's sentence must be vacated and the matter remanded to the trial court for further proceedings consistent with this opinion. For this reason, we do not reach Defendant's assignments of error.

3

**DECREE**

Defendant's sentence was improper as it occurred in the incorrect docket number.  Therefore, we vacate Defendant's sentence and remand the matter to the trial court for further proceedings.

**SENTENCE VACATED AND REMANDED.**