STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1245

STATE OF LOUISIANA

VERSUS

TOMMY BORDELON

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 118,447A
HONORABLE ARTHUR J. PLANCHARD, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.

James Edward Beal
Louisiana Appellate Project
P. O. Box 307
Jonesboro, LA 71251-0307
(318) 259-2391
Counsel for Defendant-Appellant:
Tommy Bordelon

Hon. Charles A. Riddle, III
District Attorney, 12th JDC
Michael Francis Kelly
Assistant District Attorney
P. O. Box 1200
Marksville, LA 71351
(318) 253-6587
Counsel for State-Appellee:
State of Louisiana

Tommy Bordelon
A.V.C. Cajun 3, A-2
1630 Prison Rd.
Cottonport, LA 71327

**PICKETT, Judge.**

## FACTS

The defendant, Tommy Bordelon, appeals his resentencing in trial court docket number 118,447 in the Twelfth Judicial District Court for Avoyelles Parish. A prior appeal to this court, *State v. Bordelon*, 08-935, p. 1 (La.App. 3 Cir. 2/4/09), 3 So.3d 654, 655-56, explains the background for this appeal:

> On June 3, 2003, the defendant was convicted of car jacking in the Twelfth Judicial District Court, docket number 117,139. He was adjudicated a third felony habitual offender in trial court docket number 118,447 on August 29, 2003, and sentenced to twenty-five years at hard labor. The defendant's conviction and sentence were affirmed on appeal. *State v. Bordelon*, an unpublished opinion bearing docket numbers 04-490 and 04-491 (La.App. 3 Cir. 2/2/05) 895 So.2d 81, *writ denied*, 05-959 (La. 4/17/06), 926 So.2d 500.
>
> The defendant's conviction for stalking, which occurred after the defendant pled guilty to stalking on January 25, 1999, in the Twenty-Fourth Judicial District Court, docket number 98-4883, was used to support his adjudication as a third felony offender. The defendant appealed this conviction to the Louisiana Fifth Circuit Court of Appeal, and on October 1, 2007, the fifth circuit found that the defendant's conviction for stalking was a misdemeanor and remanded the matter to the Twenty-Fourth Judicial District Court and ordered the district court to correct the minute entry and commitment order to reflect that the defendant pled guilty to a misdemeanor and not a felony.
>
> On October 25, 2007, the defendant filed a "Motion to Correct An Illegal Sentence" in trial court docket number 117,139. Therein, he alleged that his sentence was illegal because one of the predicate offenses used to enhance his sentence for car jacking was found to be a misdemeanor. At a hearing held in trial court docket number 117,139 on November 13, 2007, the trial court noted that the defendant had committed two felonies and granted the motion.
>
> On May 1, 2008, the trial court sentenced the defendant in trial court docket number 117,139 to twelve years at hard labor without benefit of probation or suspension of sentence as a second felony offender pursuant to La.R.S. 15:529.1. An oral motion to reconsider sentence was made and denied.
>
> . . . .

1

We find that the motion to correct the defendant's sentence was filed in the incorrect docket number, as no [habitual offender] sentence had been imposed in trial court docket number 117,139. Additionally, the resentencing occurred in the incorrect docket number. The motion should have been filed and the resentencing should have taken place in trial court docket number 118,447 since that was the docket in which the habitual offender adjudication occurred. As the defendant was sentenced in the incorrect docket number, his sentence is not proper. Therefore, the defendant's sentence must be vacated and the matter remanded to the trial court for further proceedings consistent with this opinion.

On remand, the defendant was sentenced as a second felony offender on May 28, 2009 to twelve years at hard labor in trial court docket number 118,447. From this sentence, he now appeals.

## ASSIGNMENT OF ERROR

The defendant, through his attorney, alleges one assignment of error:

Appellant has been sentenced as a Second Felony Habitual Offender without ever having been so adjudicated.

Additionally, the defendant has filed a *pro se* brief alleging five assignments of error:

1. The trial court erred in not re-adjudicating Petitioner a second offender pursuant to La.R.S. 15:529.1, after there was found to be a defect in the original multiple offender proceeding.

2. The Court erred in denying Petitioner to call witnesses on his behalf at sentencing hearing in that original judge, Honorable Mark A. Jeansonne was willing to testify, as with the alleged victim in his case.

3. The trial court erred in denying Motion for new trial and Post Verdict Judgment of acquittal after it was discovered that the alleged victim was involved in same or like violent behavior which would have changed the outcome of his case.

4. The trial Court erred in not respecting the mandated requirement of the (24) hour delay after Motion for new trial hearing pursuant to La.C.Cr.P. Art. 873.

5. Petitioner requests for review of his record, *ex propria motu*, errors patent in accordance with La.C.Cr.P. Art. 920.2.

2

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. Additionally, the defendant has requested a review for errors patent in his fifth assignment of error. After reviewing the record, we find there is one error patent, and one potential error which is raised in *Pro Se* Assignment of Error number four.

In resentencing the defendant, the court imposed a twelve-year sentence in the Department of Corrections without benefit of probation or suspension of sentence. It then stated:

> BY THE COURT:
>
> I want to notice also, as I read 5:29.1, the sentence should be without probation or suspension of sentence.
>
> BY MR. LAFARGUE:
>
> That's correct.
>
> BY THE COURT:
>
> I want to make sure because the last time it went in it went it has probation and parole with suspension and I want to make sure that parole is taken out.

The the transcript of the prior sentencing proceeding indicated the court imposed the sentence without benefit of probation or suspension of sentence. However, the court minutes of that proceeding indicated the sentence was imposed without benefit of parole, probation or suspension of sentence. It appears that the court was referring to the prior misstatement in the court minutes, but this is not entirely clear.

"[T]he restrictions on parole eligibility imposed on multiple offender sentences under La.R.S. 15:529.1 'are those called for in the reference statute.' *State v. Bruins*,

3

407 So.2d at 685, 687 (La.1981)."[1] *State v. Tate*, 99-1483 (La. 11/24/99), 747 So.2d 519, 520. Carjacking, a violation of La.R.S. 14:64.2, requires the sentence be imposed without the benefit of parole. Accordingly, the defendant's sentence should have been imposed without the benefit of parole. In *State v. Thibodeaux*, 05-680 (La.App. 3 Cir. 12/30/05), 918 So.2d 1093, 1094-95, this court stated:

> The trial court mistakenly advised the Defendant he would be eligible for parole. When the trial court is silent as to the required term of parole ineligibility, La.R.S. 15:301.1 obviates the need to correct a sentence. *See State v. Rivers*, 01-1251 (La.App. 5 Cir. 4/10/02), 817 So.2d 216, *writ denied*, 02-1156 (La.11/22/02), 829 So.2d 1035. However, in this case, the trial court was not silent and advised the Defendant incorrectly. In such cases, an appellate court is bound to correct the sentence rather than rely on La.R.S. 15:301.1(A). *See State v. Sanders*, 04-0017 (La.5/14/04), 876 So.2d 42, where the supreme court held when a trial court imposes benefit restrictions beyond that authorized by statute, an appellate court should correct a sentence rather than rely on La.R.S. 15:301.1(A). Therefore, we hereby correct Thibodeaux's sentence to reflect his term of imprisonment shall be served without benefit of probation, parole, or suspension of sentence in accordance with the statute.

The judge incorrectly advised the defendant that he would be eligible for parole. Therefore, we correct the defendant's sentence to reflect it is to be served without benefit of parole, in accordance with the statute, and the trial court is instructed to note the amendment in the court minutes.

## SENTENCING DELAY

In his fourth assignment of error, the defendant complains the trial court erred by not giving him the statutorily-mandated twenty-four-hour delay between the ruling on his motion for new trial and sentencing, as required by La.Code Crim.P. art. 873. The purpose of the delay is to "afford a defendant extra time in which to file further

---

[1]This case was superseded by statute as stated in *State v. Payne*, 540 So.2d 520 (La.App. 1 Cir. 1989), *writ denied*, 546 So.2d 169 (La.1989); however, the statute and *Payne* concerned an unrelated issue.

pleadings such as a motion for a new trial or a motion in arrest of judgment." *State v. McDaniel*, 340 So.2d 242, 247 (La.1976). In other words, the delay allows the defendant time to file new motions to contest his conviction prior to sentencing.

Here, the defendant's rights to contest his conviction on appeal were addressed long ago. *See State v. Bordelon*, an unpublished opinion bearing docket numbers 04-490 and 04-491 (La.App. 3 Cir. 2/2/05), *writ denied*, 05-959 (La. 4/17/06), 926 So.2d 500. His conviction for carjacking has been affirmed, and writs have been denied. Thus, the purpose of the twenty-four-hour delay allowed by La.Code Crim.P. art 873 is not served by observing it here.

Additionally, the motion is untimely. *State v. Jackson*, 09-45 (La.App. 3 Cir. 10/7/09), 19 So.3d 631. In *Jackson*, this court held a defendant's motion for new trial on grounds of newly discovered evidence was untimely because it was filed more than one year after the verdict was rendered and the underlying sentence imposed.

Here, the defendant's motion for new trial was filed far more than one year after the verdict was rendered. Accordingly, because the purpose of the twenty-four-hour delay is not involved here, and the new trial motion is untimely, this assignment of error is without merit.

## ADJUDICATION AS SECOND FELONY OFFENDER

The defendant argues he has been sentenced as a second felony habitual offender without ever having been so adjudicated. This court remanded the defendant's case for resentencing, not for readjudication, after the fifth circuit held his conviction for stalking was a misdemeanor the defendant filed his motion to correct an illegal sentence. *Bordelon*, 3 So.3d 654.

5

The record of the resentencing on May 28, 2009 refers to the defendant's two felony convictions and shows he agreed the record was correct. The trial judge noted the defendant "had been convicted of possession marijuana third offense, also had been convicted of car jacking . . . is that correct?" The defendant replied, "That's correct, Your Honor." Later, the judge stated, ". . . it is shown that [the defendant] has been since been [sic] convicted previously to the third offense, however, this Court has determined that he was entitled to be sentenced only has [sic] a second felony offender. And the record does show that he is a second multiple offender." The court then resentenced the defendant as a second offender, noting his third offender adjudication was in error.

Additionally, the record from the May 1, 2008 hearing (trial court docket number 117,139) was introduced as an exhibit at the resentencing hearing. That record includes the transcript of the original resentencing hearing, in which the defendant testified he was convicted of carjacking. The defendant then identified as a predicate offense a conviction for possession of marijuana. The court likewise referred to the defendant's "current conviction for car jacking" and a 1994 conviction for possession of marijuana third offense. The trial judge then sentenced the defendant, noting "the court and the record having shown that you are a second offender. . . ." Further, this court noted the trial court's finding that the defendant "had committed two felonies" at the May 1, 2008 sentencing hearing. *Id.* at 655.

This court, in *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, found the evidence insufficient to adjudicate the defendant a third offender. The ruling vacated the adjudication and sentence and remanded the case for sentencing as a second offender. On appeal after remand, the defendant argued the

6

trial court erred by failing to conduct a hearing to determine whether he was a second offender. *State v. Kennerson*, 97-1682 (La.App. 3 Cir. 6/3/98), 715 So.2d 518. This court held that trial court hearing was unnecessary.

The trial court records here sufficiently prove the defendant's second offender status. A new hearing to adjudicate the defendant a second offender is, therefore, unnecessary.

The defendant also argues that he cannot be a second felony offender because one of his predicate offenses, third offense possession of marijuana, is already an enhanced sentence, and therefore, cannot be used to enhance his sentence again. However, the sentence being enhanced here is the sentence for carjacking. The enhanced sentence for third offense possession of marijuana has nothing to do with this habitual offender sentence. This portion of the defendant's argument has no merit.

## WITNESSES AT THE SENTENCING HEARING

_____The defendant alleges the trial court erred in denying him the opportunity to call witnesses on his behalf at his sentencing hearing, when the original trial court judge and the alleged victim were willing to testify.

At the May 28, 2009, resentencing hearing, the defendant initially did not attempt to present any witnesses. However, after the trial judge had heard several motions and was ready to pronounce sentence, the defendant stated an objection, and this colloquy occurred:

BY THE DEFENDANT:

Your Honor, I just want to note an objection.

BY THE COURT:

No more.

BY THE DEFENDANT:

To the denial of the . . . to present witnesses on my behalf. We had Judge Jeansonne who was here to testify on my behalf with several commendation letters.

BY THE COURT:

Judge Jeansonne cannot be called as witness unless he volunteers so don't give me that we didn't have him subpoenaed for today did we?

BY THE DEFENDANT:

I didn't answer that. I'd like to request for instance subpoena, I'd like to call prior to sentencing . . .

BY THE COURT:

No, you're not going to call anyone.

At the first resentencing hearing on May 1, 2008, the defendant testified and called his mother and his son as two additional witnesses. Defense counsel indicated Judge Jeansonne had been present to testify on the defendant's behalf, but had to leave. The trial court admitted, with no objection from the state, a letter from Judge Jeansonne. The victim was never offered as a witness at the May 1, 2008 hearing.

This court's intention in granting the remand was not to give the defendant another opportunity to plead his case regarding sentencing. The opportunity for the defendant to present witnesses was at the May 1, 2008 hearing, where Judge Jeansonne's letter was introduced into evidence and the victim was not called to testify. Thus, the issue set out in this *pro se* assignment of error lacks merit because of the proceedings in the trial court on May 1, 2008.

## MOTION FOR A NEW TRIAL

The defendant alleges the trial court erred in denying his motions for new trial and for post-verdict judgment of acquittal after he discovered the victim's involvement in similar behavior. He argues that would have changed the outcome of the defendant's case. Specifically, the defendant argues he should be granted a new trial or acquitted because the victim of his December 27, 2002 carjacking was arrested in October 2007 for beating a woman and charged with aggravated second degree battery. This evidence of the victim's "brutal and physical attack upon the female subject," the defendant contends, would have proven his "hate for women" and given more credibility to the defendant's version of the carjacking-related events, leading to a not guilty verdict.

This supposedly newly-discovered evidence, however, did not even exist at the time of the defendant's 2003 trial because the event had not yet occurred. A defendant may obtain a new trial when:

> New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.

La.Code Crim.P. art. 851(3). The evidence on which the defendant relies here was not available at his trial and could not possibly have been introduced at trial because it had not yet occurred. Accordingly, this assignment of error is without merit.

## CONCLUSION

This court finds the defendant was adjudicated a second felony offender in both the May 1, 2008 and the May 28, 2009 hearings. Both records take notice of two felony convictions, and the defendant agrees to those convictions, even though he

9

complains about using one of them as a predicate offense. The trial court did not err in sentencing the defendant as a second felony offender.

The defendant's sentence is corrected to reflect that it is to be served without benefit of parole, in accordance with La.R.S. 14:64.2. The trial court is instructed to note the amendment in the court minutes.

**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**