577 So.2d 273 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Danny D. CONNERS, Defendant-Appellant.
No. Cr90-633.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
Michael F. Kelly, Marksville, for defendant-appellant.
Ronnie McMillin, Asst. Dist. Atty., Vidalia, for plaintiff-appellee.
Before FORET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
As part of a plea bargain, defendant, Danny D. Conners, pleaded guilty to aggravated burglary, a violation of LSA-R.S. 14:60, and simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. As part of the plea bargain, the State agreed not to initiate habitual offender proceedings against defendant. After reviewing the presentence investigation report, the sentencing court ordered defendant to serve 30 years at hard labor on the count of aggravated burglary and, consecutive thereto, defendant was sentenced to a 12 year term of imprisonment on the count of simple burglary of an inhabited dwelling. Additionally, the sentencing court ordered defendant to make restitution as a condition of parole.
Defendant appeals, contending that the sentencing court failed to follow the sentencing guidelines of LSA-C.Cr.P. Art. 894.1, that it imposed a unconstitutionally excessive sentence, and improperly ordered defendant to make restitution as a condition for parole.
In the case sub judice, the sentencing court imposed the maximum sentences provided by law.[1]
*274 The law and jurisprudence involving the imposition of sentences within the statutory limits is well established and will not be reiterated herein. State v. Robicheaux, 412 So.2d 1313 (La.1982).
Defendant contends that the sentencing court failed to consider mitigating factors, including his youth, his employment, and the facts surrounding his prior convictions. We disagree.
In the case sub judice, the sentencing court clearly stated that it reviewed the presentence report. Our review of the presentence report shows that the individual complaints raised by defendant on appeal were all addressed in the investigative report. Furthermore, it is likewise shown in the colloquy of defendant's guilty plea that the sentencing court obtained particular information about defendant's age and his employment when it accepted defendant's guilty plea. Moreover, the record shows that defendant was a fourth felony offender. The sentencing court noted that defendant had the following prior convictions: simple burglary in 1981; simple theft in 1982; simple burglary in 1985; and possession of marijuana.
Considering the record before us, we find that the sentencing court adequately complied with the sentencing guidelines enunciated in LSA-C.Cr.P. Art. 894.1. Furthermore, after carefully reviewing defendant's four prior felony convictions, we cannot say that the sentences imposed in the present case are grossly out of proportion to the crimes committed or that they constitute nothing more than the purposeless and needless imposition of pain and suffering. Accordingly, we do not find that the sentencing court abused its discretion in imposing the maximum sentences on each offense to which defendant pleaded guilty.
Lastly, defendant contends that the sentencing court lacked authority to order him to make restitution as a condition of his parole. We agree.
The legislature has vested the Board of Parole with the authority to impose conditions of parole relating to restitution to any victim. LSA-R.S. 15:574.4(J); State v. Stewart, 486 So.2d 906 (La.App. 1st Cir. 1986). Therefore, the sentencing court was without authority to impose restitution as a condition for defendant's future parole, and we will amend the sentences accordingly.

DECREE
Defendant's sentences are affirmed in all respects, except that the sentencing court's order making restitution to the victims as a condition for parole is hereby vacated and set aside.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] We point out that although the sentencing court imposed the maximum period of jail time, it nevertheless failed to specify that not less than one year nor more than twelve years of defendant's sentence for simple burglary of an inhabited dwelling shall be without the benefit of parole, probation or suspension of sentence as mandated by LSA-R.S. 14:62.2. However, since defendant alone appeals, the error, being favorable to him, will be ignored as inappropriate for the appellate court to correct. State v. Loya, 527 So.2d 514 (La.App. 3rd Cir.1988).