612 So.2d 153 (1992)
STATE of Louisiana
v.
Andrew PAYNE.
No. 92-KA-497.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1992.
Ginger Berrigan, Jefferson Parish Indigent Defender, Gretna, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Lawrence P. Alterman, Brennan Hussey, Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of counsel), Office of the Dist. Atty., Gretna, for plaintiff-appellee.
Before KLIEBERT, C.J., and WICKER and GOTHARD, JJ.
KLIEBERT, Chief Judge.
On a previous appeal this Court originally affirmed defendant Andrew Payne's conviction of simple burglary (LSA-R.S. 14:62), and vacated his sentence as a multiple offender because the state did not positively establish that the defendant was the same person as the individual convicted in the predicate case. See State v. Payne, 586 So.2d 652 (5th Cir.1991).
On remand, the state dismissed the multiple offender bill against the defendant, and the judge then sentenced the defendant to the maximum sentence for simple burglary authorized by LSA-R.S. 14:62; i.e., twelve years at hard labor, with credit for *154 time served. Additionally, as a result of the defendant's disruptive behavior at the resentencing, the judge held him in direct contempt of court and imposed an additional sentence of six months parish prison time, to be served consecutively to the simple burglary sentence.
On appeal, the defendant contends that he received an excessive sentence on his simple burglary conviction and that the trial court erred in finding him guilty of direct contempt. Finding no merit in either of these contentions, we affirm the defendant's sentence, but remand the matter for correction of an error patent as hereinafter discussed.
The defendant first argues that, under the facts of this case, imposition of the maximum sentence is illegally excessive.
This court summarized the law regarding excessive criminal sentences in State v. Jones, 559 So.2d 492, 495 (5th Cir.1990), writ denied, 566 So.2d 981 (La. 1990) as follows:
"The courts are prohibited from imposing cruel, excessive, or unusual punishment by Article I, Section 20 of the Louisiana Constitution of 1974. Sentences which are `grossly out of proportion to the severity of the crime' or `nothing more than the purposeless and needless imposition of pain and suffering' are excessive. State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Studivant, 531 So.2d 539 (La.App. 5th Cir.1988). Even sentences which are within statutory limits may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tyler, 524 So.2d 239 (La.App. 5th Cir.1988)."
A trial judge exercises wide discretion in sentencing a defendant, and a sentence within statutory limits will not be disturbed on appeal absent manifest abuse of that broad discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Lynch, 512 So.2d 1214 (5th Cir.1987). Nevertheless, maximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender. State v. Smith, 520 So.2d 1252 (5th Cir.1988), writ denied, 523 So.2d 1320 (La.1988).
The defendant's extensive record of criminal convictions justifies imposition of the maximum sentence in this case. At the resentencing, the trial judge emphasized that this was the defendant's second conviction for simple burglary. He noted that, after the first simple burglary conviction, the defendant had been placed on probation, obviously with no deterrent effect. In addition to this prior felony conviction, the defendant had amassed five misdemeanor convictions for simple battery, criminal trespass, theft, illegal drugs, and possession of stolen property. At the time of his conviction in this case, the defendant was only 26 years old. The defendant's lengthy criminal record, despite his relatively young age, and the lack of any evidence that he intended to reform marked him as a member of the worst category of offenders. Given the circumstances of the instant case, we find the imposition of the twelve-year maximum sentence for the defendant's simple burglary conviction to be adequately supported by the record and therefore well within the trial judge's sentencing discretion. State v. Roy, 427 So.2d 612 (5th Cir.1983).
The second assignment of error challenges the trial judge's holding the defendant in direct contempt of court for his outbursts at the resentencing. A direct contempt occurs when the transgression is committed in the immediate view and presence of the court and the court has personal knowledge of the contempt. La.C.Cr.P. Art. 21. A constructive contempt is any contempt other than a direct one. La. C.Cr.P. Art. 23. The defendant argues that his disruptive behavior at the resentencing was really provoked by the trial judge and that the defendant's actions, if contemptuous at all, amounted to constructive contempt. The record itself refutes the defendant's claim. There is not the slightest indication that the trial judge did or said anything to provoke the defendant's foul and abusive outbursts. Nothing is to *155 be gained by quoting the profane language used by the defendant to address the trial judge. It is sufficient to state that the transcript of the defendant's outburst clearly establishes the defendant's guilt of direct contempt under La.C.Cr.P. Art. 21.
An examination of the record for patent error under La.C.Cr.P. Art. 920 reveals one such error. The trial court ordered the defendant's six month sentence for direct contempt to be served as "flat time," or without allowing the accumulation of good time. However, LSA-R.S. 15:571.3 A authorizes the sheriff of the parish where the conviction was obtained, and not the trial judge, to determine when good time has been earned. State v. Marisco, 538 So.2d 748 (5th Cir.1989). Therefore, we will order the district court to amend the commitment to delete the flat time restriction which the trial court placed on the defendant's sentence for direct contempt.
Accordingly, the defendant's sentence is affirmed and the case is remanded to the district court for the purpose of removing the flat time restriction previously placed on the defendant's sentence for direct contempt.
CONVICTION AFFIRMED AND REMANDED.