652 So.2d 121 (1995)
STATE of Louisiana
v.
Melvin FRANK.
No. 94-KA-923.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 1995.
*122 John M. Mamoulides, Terry M. Boudreaux, Dist. Attys. Office, 24th Judicial Dist. Court, Parish of Jefferson, Gretna, for plaintiff, appellee.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant, appellant.
Before KLIEBERT, BOWES and GAUDIN, JJ.
BOWES, Judge.
The defendant, Melvin Frank, was convicted of theft of goods valued at $100.00 to $500.00 in violation of La.R.S. 14:67.10. Subsequently, the state filed a multiple bill of information, alleging defendant to be a fourth felony offender. After a hearing, the trial court found defendant to be a fourth felony offender and the defendant was sentenced to serve twenty years at hard labor, with credit for time served. Defendant made an oral motion to reconsider sentence, and the motion was denied. Defendant now appeals, alleging that the twenty year sentence is excessive. We affirm with an order.
The evidence adduced at trial proved that on September 15, 1993, the defendant unlawfully removed twelve silk shirts with a value totalling $364.00 from the J.C. Penney store on Veterans Memorial Boulevard.
In his first assignment of error, defendant contends that a twenty year sentence is disproportionate to the severity of his crime. Defendant asserts that as a fourth felony offender, he is ineligible for parole under La. R.S. 15:574.4; and because he is now 51 years old, his sentence of twenty years is tantamount to a life sentence.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S.C. Const. Amend. VIII; La. Const. Art. I, Sec. 20. A sentence is generally considered unconstitutionally excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992), on subsequent appeal, 621 So.2d 103 (La.1993); State v. Munoz, 575 So.2d 848 (La.App. 5 Cir. 1991), writ denied, 577 So.2d 1009 (La.1991).
In reviewing a sentence for excessiveness, the court of appeal must consider the punishment and crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its *123 sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Jackson, 597 So.2d 1188 (La.App. 5 Cir.1992). Even a sentence within the prescribed statutory limit may be found to violate defendant's constitutional right against excessive punishment if it is grossly disproportionate to the severity of the offense. State v. Riche, 608 So.2d 639 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La.1993).
In this case, the twenty year sentence imposed on the defendant is the statutory minimum for four-time felony offenders under La.R.S. 15:529.1. The maximum sentence under the statute is life imprisonment. However, the Louisiana Supreme Court noted in the case of State v. Dorthey, 623 So.2d 1276, 1280 (La.1993) that a trial court may, in certain circumstances, impose a lesser sentence than that which is mandated by the multiple offender statute:
If, [in sentencing defendant] the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.
At the time of sentencing, defense counsel asked that the judge exercise his discretion under the Dorthey holding in to impose a sentence below the statutory minimum. Counsel argued that defendant was merely a habitual shoplifter, and that his predicate convictions had not been for serious offenses. In response (or in opposition), the prosecutor stated that defendant had a total of fourteen prior convictions; the majority"at least two-thirds"of those were felonies, including one for burglary. After hearing the arguments of counsel, the judge elected to impose the minimum sentence within the statutory range.
It is well settled that a sentence should not be set aside absent manifest abuse of discretion. State v. Davis, supra; State v. Anseman, 607 So.2d 665 (La.App. 5 Cir. 1992), writ denied, 613 So.2d 989 and 613 So.2d 990 (La.1993); State v. Payne, 612 So.2d 153 (La.App. 5 Cir.1992). Although the trial judge was not explicit in his reasons for sentencing, it is clear from the record that he was aware of the nature of the crime of which defendant was convicted, as well as the fact that defendant was a career criminal with a total of fourteen prior convictions (mostly felonies) including one for burglary. The sentence the judge imposed was not only within the statutory limits but was, in fact, the minimum sentence. Therefore, considering the totality of the circumstances, we cannot say that this sentence constitutes a manifest abuse of his discretion.
In his second assignment of error, defendant requests that we conduct an error patent review. We have conducted such a review in compliance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
The only error that we find requiring action by this Court is that the trial judge failed to advise defendant of the time delay for filing for post-conviction relief. La. C.Cr.P. art. 930.8 dictates that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for postconviction relief. In this case, the transcript of sentencing fails to reflect that the defendant was so informed. This defect has no bearing on whether the conviction is proper and thus is not grounds to reverse the sentence nor to remand the case for resentencing. La.C.Cr.P. art. 921; State v. Corley, 617 So.2d 1292 (La.App. 3 Cir.1993). To satisfy the notice requirements, the district court is directed to inform defendant of the provisions of article 930.8 by sending appropriate written notice to the defendant within 10 days of the rendition of this opinion and to file written proof in the record that the defendant received the notice. State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
For the above discussed reasons, the conviction and sentence of the defendant are *124 affirmed. The district court is instructed to give the defendant the notice required by La.C.Cr.P. art 930.8.
AFFIRMED WITH ORDER.