liBROWN, J.
Defendant, Gary Wayne Looney, pled guilty to simple burglary of an inhabited dwelling in exchange for the state’s agreement to dismiss another count of simple burglary and to not institute a multiple offender proceeding. Before sentencing, defendant moved to withdraw his guilty plea. After a hearing, the motion was denied and defendant was sentenced to 12 years at hard labor. Defendant appeals both the denial of his motion and his 12-year sentence. We affirm.

DISCUSSION

MOTION TO WITHDRAW GUILTY PLEA

The guilty plea colloquy shows that defendant, after being sworn by the court, stated that he was 25 years old, had dropped out of school in the 9th grade, was able to read and write in English, had discussed the case with his attorney and understood the charge to which he was pleading guilty. The court examined defendant to insure that he understood that the plea agreement consisted only of the district attorney dropping his other simple burglary charge and not seeking habitual offender enhancement. Defendant stated that he understood his Boykin rights, which the court enumerated, and agreed that no one, including his attorney, had used force, threats, coercion or promises to persuade him to plead guilty.
The evidence of record reveals that defendant committed the crime of simple burglary of an inhabited dwelling. Defendant agreed that the state had sufficient evidence to convict him of the offense to which he was pleading guilty. In fact, defendant initiated a plea bargain after the state began presenting its case to the jury.
*989 At the hearing on the motion to withdraw his guilty plea, defendant said that he had told his attorney about witnesses who would testify on his behalf but nothing was ever done. Defendant claimed that these witnesses would prove that 12he was not guilty of burglary. When the judge questioned defendant as to why the court had not been made aware of these witnesses before, defendant claimed that he had not understood that he was exposing himself to a possible prison term of 12 years until a paralegal subsequently explained it to him. Defendant then claimed his admission of guilt was a lie made only to effectuate the plea bargain.[1] The record, however, clearly contradicts defendant’s claim. At the guilty plea hearing, the following discussion occurred between the court and defendant:
THE COURT: So that you know the nature of the charge against you and fully understand it, it says simple burglary of an inhabited dwelling is the unauthorized entry of an inhabited dwelling, house, apartment, or other structure, in this case a trailer, used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or theft therein. And as you heard, it’s alleged your intent was to commit theft of goods therein. The penalty as to that, it says whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year without benefit of probation, parole, or suspension of sentence, nor more than twelve years. Do you understand that?
DEFENDANT: Yes, sir.
THE COURT: Do you understand the nature of the charge to which you’re pleading guilty to ?
DEFENDANT: Yes, sir.
THE COURT: Any questions whatsoever about that?
DEFENDANT: No, sir.
THE COURT: And the penalty, the penalty to which you’re facing is what?
DEFENDANT: One to twelve.
THE COURT: Okay, and the first ... at least the first is without benefit of probation, parole, or suspension of sentence, right?
DEFENDANT: Yes, sir.
_JjsThe record further shows that defendant understood that nothing was agreed to or promised regarding his sentence.
In denying defendant’s motion, the trial court took judicial notice of the affidavit in support of a warrant issued for defendant when he escaped from the Monroe City jail before sentencing. The judge further noted that he strongly suspected that defendant filed the motion to withdraw his guilty plea because he feared the effect his escape from jail might have on his sentence. The following day, defendant was sentenced to 12 years at hard labor, with the first year being imposed without benefit of probation, parole, or suspension of sentence.
The withdrawal of a guilty plea before sentencing is discretionary with the trial court and is subject to reversal only if that discretion is abused or arbitrarily exercised. La.C.Cr.P. art. 559(A); State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993). The entry of a guilty plea must be a free and voluntary choice. For a plea to be considered free and voluntary, the transcript must establish that defendant was informed of and waived his rights to trial by jury, to confront his accusers, and of his privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Nuccio, 454 So.2d 93 (La.1984). Boykin only requires that a defendant be informed of the three enumerated rights above, nothing more. State v. Nuccio, supra.
The state carried its burden of showing that defendant was correctly Boykinized, and defendant did not introduce any convincing evidence that his plea was not freely and voluntarily entered. Defendant’s statement that he did not know what he was doing when he pled guilty is contradicted by the plea colloquy, which shows that defendant was fully informed of his rights and that he voluntarily entered the plea. Other than de *990 fendant’s statements, there is no evidence supporting his claim of having witnesses to testify to his innocence. I4AIS0, as noted by the trial court at the sentencing hearing, defendant’s guilt had been established by testimony given prior to defendant’s guilty plea.[2] As such, we find that the trial court did not abuse its discretion in denying defendant’s motion to withdraw his guilty plea.

EXCESSIVE SENTENCE

Defendant also asserts that his 12-year sentence is excessive. Simple burglary is punishable by imprisonment at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than 12 years. La. R.S. 14:62.2.
A sentence violates La. Const, art. 1, § 20 (1974), if it is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Barnes, 28,835 (La.App.2d Cir.12/11/96), 685 So.2d 1148, writ denied, 97-0274 (La.10/10/97), 703 So.2d 602. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id. The court of appeal will not set aside a sentence as excessive absent a showing of manifest abuse of discretion. Id.
Maximum terms of imprisonment are appropriate as a general rule only in cases involving the most serious violations and the worst types of offenders. State v. Foster, 29,459 (La.App.2d Cir.06/18/97), 697 So.2d 616. In selecting a proper sentence, the trial judge is not limited to considering only the defendant’s prior convictions and may properly review all prior criminal activity. Id. The important elements that should be considered in sentencing are the defendant’s Impersonal history, prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation. Id.
Following defendant’s guilty plea, the trial court ordered a pre-sentence investigation (PSI) which included information as to defendant’s personal, employment and educational history. This investigation revealed defendant to be a 26-year-old second felony offender who has consistently engaged in criminal conduct. The trial court noted that defendant had an extensive juvenile record and an even longer adult record and that several of defendant’s arrests were for crimes against persons.
The record shows adequate consideration was given to the criteria set forth in La. C.Cr.P. art. 894.1. The judge found that an undue risk existed that this 26-year-old second felony offender would commit another crime during any period of probation or suspension, that defendant needed correctional treatment, and that a lesser sentence would not properly hold defendant accountable for his actions. Considering defendant’s lengthy criminal record and that he committed another crime while awaiting sentencing, the judge concluded that a serious punishment was warranted.
Based upon the facts presented by this case, the sentence imposed upon the defendant is not excessive. See also State v. Payne, 612 So.2d 153 (La.App. 5th Cir.1992); State v. Conners, 577 So.2d 273 (La.App. 3d Cir.1991); State v. Douglas, 576 So.2d 1102 (La.App. 3d Cir.1991); State v. Jasper, 506 So.2d 211 (La.App. 5th Cir.1987).

ERROR PATENT

The trial judge failed to give defendant credit for time served. Prior to the 1997 amendment to La.C.Cr.P. art. 880, failure to give defendant credit for time served in actual custody prior to conviction was an error patent. State v. Brown, 29,708 (La.App.2d Cir.09/24/97), 702 So.2d 744, writ denied, 97-2549 (La.01/30/98), 709 So.2d 703. However, the 1997 amendment to La.C.Cr.P. art. 880 was designed to make credit for time served self-operating even on a silent record and the statute does not require this court to take action. Id.

CONCLUSION

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. Defendant stated the reason he pled guilty was because the assistant district attorney would “hit me with the fence” if convicted, because he would be sentenced as a multiple felony offender.

. The trial judge noted that one witness positively identified defendant as the perpetrator.