STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-923

STATE OF LOUISIANA

VERSUS

TAUREAN JACKSON

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 302,847
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.

Thibodeaux, Chief Judge, dissents with written reasons.

**AFFIRMED AS AMENDED.**

Beth S. Fontenot, Attorney at Law
Louisiana Appellate Project
P. O. Box 3183
Lake Charles, LA 70602-3183
COUNSEL FOR DEFENDANT-APPELLANT:
    Taurean Jackson

James C. "Jam" Downs, District Attorney
John T. Giordano, Assistant District Attorney
Ninth Judicial District
P. O. Drawer 1472
Alexandria, LA 71309
COUNSEL FOR THE STATE OF LOUISIANA

**PAINTER, Judge.**

Defendant, Taurean Jackson, appeals the thirty-year sentence he received after being found to be a fourth felony offender upon his conviction of theft of goods between $300.00 and $500.00, a violation of La.R.S. 14:67.10. For the reasons that follow, we amend the sentence to delete that portion which prohibits the benefit of parole and affirm the sentence in all other respects.

## FACTS AND PROCEDURAL HISTORY

On April 3, 2010, Defendant stole $508.00 worth of merchandise from Dillard's Department Store in Alexandria, Louisiana. Defendant was charged by bill of information with theft of goods between $300.00 and $500.00, a violation of La.R.S. 14:67.10.[1] On April 5, 2011, a jury found Defendant guilty as charged. Defendant was sentenced to two years at hard labor; however, the State filed a habitual offender bill charging Defendant as a fourth offender. The bill charged that Defendant had been previously been convicted of the following offenses: unauthorized use of a motor vehicle, a violation of La.R.S. 14:68.4, for which he was sentenced to pay a fine; possession of CDS, Schedule II, a violation of La.R.S. 40:967(C), for which he was ordered to pay a fine; possession with intent to distribute CDS, Schedule I, in violation of La.R.S. 40:966(A)(1)(G), for which he was sentenced to five years; and battery of correctional facility employee (while in custody of DOC), a violation of La.R.S. 14:34.5, for which he was sentenced to six months.

Following a habitual offender hearing, the trial court found Defendant to be a fourth felony offender. On September 12, 2011, the trial court vacated the two-year sentence and imposed a thirty-year at hard labor sentence to be served without the benefit of probation, parole, or suspension of sentence. No motion to reconsider sentence was filed.

---

[1]A simple criminal damage to property charge was severed.

Defendant contends that his thirty-year sentence is excessive and that the trial court illegally imposed the sentence without the benefit of parole. We do not find that the sentence is excessive, but we do amend the sentence to delete that portion which prohibits the benefit of parole.

## DISCUSSION

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is an error patent in that the trial court ordered the sentence to be served without the benefit of parole. Defendant asserts that neither the underlying statute, La.R.S. 14:67.10, nor La.R.S. 5:529.1(A)(2)(c)(i) prohibited parole; thus, the trial court erred in ordering the sentence to be served without the benefit of parole, citing *State v. Bordelon*, 09-1245 (La.App. 3 Cir. 5/5/10), 37 So.3d 480, *writ denied*, 10-1745 (La. 2/4/11), 56 So.3d 990. The State concedes that Defendant is correct. Therefore, we hereby amend the sentence to delete that portion which prohibits the benefit of parole. The trial court is ordered to note the amendment in the court minutes.

### *Excessiveness of Sentence*

Defendant asserts that his sentence is excessive. He argues that his current offense was not a crime of violence, the merchandise was recovered by the store, and no one was hurt during the incident. He further asserts that "the current amended sentencing scheme for Theft of Good, the value of the merchandise taken by Mr. Jackson is only $9.00 above the misdemeanor grade of the offense." Defendant points out that the trial court gave "scant reasons" to support the sentence imposed.

The State responds that the trial court adequately considered the factors set forth in La.Code Crim.P. art. 894.1, including but not limited to the number of arrests, misdemeanor and felony convictions, probation and parole violations and other criminal history.

2

Since Defendant did not object to his sentence or file a motion to reconsider sentence, he is relegated to a bare claim of excessiveness.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks one's sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

At the time of the commission of the offense, the penalty for a conviction of theft of goods valued between $300.00 and $500.00 was two years with or without

hard labor. La.R.S. 14:67.10. Based upon the sentencing transcript before this court, it appears that the trial court sentenced Defendant under the penalty provisions provided for in La.R.S. 15:529.1(A)(2)(c)(i), which provide a sentence of no less than twenty years with a maximum of life imprisonment.

In imposing the habitual offender sentence, the trial court stated in pertinent part that:

> Based upon the . . . number of felony convictions; based upon the . . . fact that he has picked up these . . . convictions at a young age; and a review of his history, prior criminal history, including a misdemeanor conviction.

The record does not indicate that a pre-sentencing investigation report was ordered.

The legislative purpose for sentencing under the habitual offender provision was set forth by the court in *State v. Everett,* 00-2998 (La. 5/14/02), 816 So.2d 1272. The *Everett* court stated that "[t]he purpose of the Habitual Offender Law is to deter and punish recidivism." *Id.* at 1276. Additionally, in *State v. Johnson,* 97-1906 (La. 3/4/98), 709 So.2d 672, the court explained, in pertinent part:

> Since the Habitual Offender Law in its entirety is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. *Dorthey*, *supra* at 1281 (Marcus, J., concurring); *State v. Young*, 94-1636 (La.App. 4th Cir. 10/26/95), 663 So.2d 525.
>
> . . . .
>
> A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. LSA-R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a "crime of violence" under LSA-R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences.

*Id*. at 675-76.

*Sentences imposed for similar crimes*

In *State v. Oliver*, 03-416 (La.App. 5 Cir. 9/30/03), 857 So.2d 1227, *writ denied*, 04-2139 (La. 5/20/05), 902 So.2d 1042, the defendant was convicted of theft between $100.00 and $500.00. The defendant was sentenced to two years at hard labor. The State filed a habitual offender bill, and the defendant was found to be a fourth felony offender. She was sentenced to twenty years at hard labor. On appeal, the defendant challenged the sentence as excessive. The court upheld the sentence, stating, in pertinent part:

> The record in the present case appears to indicate the defendant was engaged in a scheme, wherein she stole large house ware items from local retailers. The defendant's conduct in the instant case suggests that, but for the vigilant surveillance of the store personnel, defendant would have stolen more houseware items from this retailer. Besides the economic impact on the merchant, these instances of shoplifting also exact an economic toll on the public at large. *See*, *State v. Fleury*, 799 So.2d at 475.
>
> Additionally, the record indicates that at least two of defendant's underlying felony offenses, used for enhancement in this case, were also felony theft convictions (i.e., one for merchant theft between $100 and $500 and one for general theft over $500). Although convicted twice before for theft, she continued to engage in this illegal activity. The right of states to enact more onerous penalties for those who cannot bring their conduct within social norms has been sanctioned by the Supreme Court. *See, Solem v. Helm*, 103 S.Ct. at 3013; *Rummel v. Estelle*, 100 S.Ct. at 1136. Defendant also had a third conviction for cruelty to a juvenile, wherein she was convicted of beating her three-year-old child with an electrical cord. Defendant appears to be the type of recidivist offender the legislature contemplated in enacting harsher penalties for multiple felony offenses.

*Id*. at 1231.

In *State v. Frank,* 94-923 (La.App. 5 Cir. 3/1/95), 652 So.2d 121, the defendant was convicted of theft of goods valued at $100.00 to $500.00. The state filed a multiple bill of information, charging the defendant as a fourth felony offender. After a hearing, the trial court found the defendant to be a fourth felony offender, and the defendant was sentenced to serve twenty years at hard labor. On appeal, the

5

defendant challenged the sentence as excessive. The court upheld the sentence, noting, in pertinent part:

> It is well settled that a sentence should not be set aside absent manifest abuse of discretion. *State v. Davis, supra*; *State v. Anseman*, 607 So.2d 665 (La.App. 5 Cir.1992), *writ denied*, 613 So.2d 989 and 613 So.2d 990 (La.1993); *State v. Payne*, 612 So.2d 153 (La.App. 5 Cir.1992). Although the trial judge was not explicit in his reasons for sentencing, it is clear from the record that he was aware of the nature of the crime of which defendant was convicted, as well as the fact that defendant was a career criminal with a total of fourteen prior convictions (mostly felonies) including one for burglary. The sentence the judge imposed was not only within the statutory limits but was, in fact, the minimum sentence. Therefore, considering the totality of the circumstances, we cannot say that this sentence constitutes a manifest abuse of his discretion.

*Id*. at 123.

In *State v. Ballay,* 99-906 (La.App. 5 Cir. 2/29/00), 757 So.2d 115, *writ denied*, 00-908 (La. 4/20/01), 790 So.2d 13, the defendant appealed his conviction of theft of goods between $100.00 and $500.00 and sentence of life imprisonment as a fourth felony offender. The defendant argued his sentence was excessive. The court affirmed the sentencing explaining, in pertinent part:

> The defendant was adjudicated a fourth felony offender. As a fourth felony offender, the defendant faced the following penalty as provided by La.R.S. 15:529.1(A)(1)(c)(i):
>
> > (c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
> >
> > > (i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; (Emphasis added).
>
> The defendant was originally convicted of theft of goods, which, according to La.R.S. 14:67.10(B)(2), is punishable by a maximum of two years imprisonment. However, based on the sentencing provisions in La.R.S. 15:529.1(A)(1)(c)(i), the defendant faced an enhanced sentencing exposure of twenty years to life imprisonment.
>
> It is well settled that a sentence should not be set aside absent manifest abuse of discretion. *State v. Anseman*, 607 So.2d 665, 674

(La.App. 5 Cir.1992), *writ denied*, 613 So.2d 989 (La.1993). In reviewing claims of an excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. *State v. Smith*, 433 So.2d 688, 698-699 (La.1983). The trial court is not required to list every aggravating and mitigating circumstance so long as the record reflects adequate consideration of the guidelines of La.C.Cr.P. art. 894.1. *State v. Smith, supra*; *State v. Gene*, 587 So.2d 18, 24-25 (La.App. 2 Cir.1991), *writ denied*, 604 So.2d 993 (La.1992). The articulation of the factual basis for the sentence is the goal of La.C.Cr.P. art. 894.1. Remand is unnecessary when a sufficient factual basis for the sentence is shown in the record. *State v. Lanclos*, 419 So.2d 475, 478 (La.1982).

Recent jurisprudence supports the imposition of the maximum sentence under this statute where the defendant's criminal record is extensive. *State v. Tran*, 97-640 (La.App. 5 Cir. 3/11/98), 709 So.2d 311, 318; *State v. Conners*, 577 So.2d 273, 274 (La.App. 3 Cir.1991). The records reflects that the trial court was aware of the nature of the crime for which defendant was convicted and was aware of the fact that defendant was a career criminal with a total of thirty-three felony convictions and seventy-seven felony arrests. For procedural reasons, those convictions could not be used to enhance defendant's sentence through a multiple offender proceeding. The judge nevertheless felt that defendant's extensive criminal record was a basis for imposing the maximum sentence allowed under the statute. Considering the foregoing, the trial court did not abuse its wide discretion in sentencing defendant to the maximum term. Therefore, we find that the sentence is not excessive based on the facts presented in this case.

*Id*. at 134-35.

Here, the thirty-year sentence is in the lower range, and, based on the facts of this case, we cannot say that the trial court abused its discretion in handing down this sentence. The sentence is, therefore, affirmed.

## DECREE

For all of the foregoing reasons, Defendant's thirty-year sentence is affirmed. That portion of the sentence prohibiting the benefit of parole is deleted, and the trial court is ordered to note said amendment in the court minutes.

**AFFIRMED AS AMENDED.**