# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1177

**STATE OF LOUISIANA**

**VERSUS**

**NOLAN J. CORMIER, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR144129
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney**
**Allan P. Haney**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, LA   70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, LA   70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Nolan J. Cormier, Jr.**

**AMY, Judge.**

The State charged the defendant with simple burglary, alleging that he stole merchandise through the window of a convenience store. The defendant entered a guilty plea to the charge pursuant to a plea agreement. In turn, the State did not seek enhancement of the sentence due to habitual offender status. The trial court imposed a sentence of nine years at hard labor, with credit for time served, and ordered that three years of the sentence be served concurrently with a sentence from a previous simple burglary conviction for which the defendant was on parole at the time of the present offense. The defendant appeals. For the following reasons, we affirm.

### Factual and Procedural Background

By bill of information, the State charged Nolan J. Cormier, Jr. with the October 4, 2013 simple burglary of a Circle K convenience store, a violation of La.R.S. 14:62.[1] After initially entering a plea of not guilty, the defendant later entered a guilty plea pursuant to a plea agreement. The defendant explained the facts of the offense as follows:

> I was with a friend and we went to the store to buy some alcohol. I went down to the store to buy some alcohol but the store was closed. She said the store was closed. We went back walking to the house. Then she said the store was open because maybe it wasn't locked and she told me to go back. So I went back and I said, "Hello?" to see if anyone was there. No one came so I reached in and got some cigarettes and candy.

---

[1] Louisiana Revised Statutes 14:62 provides:

A. Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in 14:60.

B. Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.

The defendant further confirmed to the trial court that he was aware of the applicable sentencing range for the offense, and that a Pre-Sentence Investigation (PSI) report would be conducted. In exchange for the plea, and as evidenced by the felony plea form, the State agreed not to enhance the sentence through a habitual offender bill of information.

Subsequently, the trial court received the PSI and entered that report into the record. Referencing the defendant's criminal history listed therein, the trial court sentenced the defendant to nine years at hard labor, with credit for time served. The trial court ordered that three years of the sentence be served concurrently with the defendant's sentence from a prior simple burglary conviction for which he was on parole at the time of the offense.

Although no motion to reconsider sentence was filed, the defendant filed this appeal, asserting that:

1) Counsel rendered assistance below the standard mandated by the Sixth Amendment by failing to file the required motion to reconsider sentence before moving for an appeal of the excessiveness of the sentence.

2) The sentence imposed by the trial court violates the Eighth Amendment of the Constitution of the United States and La.Const[.] Art. I, § 20, as it is nothing more than cruel and unusual punishment and, thus, excessive.

**Discussion**

*Errors Patent*

Having reviewed this matter pursuant to La.Code Crim.P. art. 920, we find no errors patent on the face of the record.

*Merits*

We address the defendant's two assigned errors together due to their interrelated analysis. First, the defendant contends that his counsel rendered

2

ineffective assistance of counsel for failure to file a motion to reconsider the sentence. This failure, the defendant contends, was significant due to his additional allegation that the nine-year sentence imposed by the trial court is excessive given the circumstances of the underlying offense.

Referencing both U.S. Const. amend. VI and United States Supreme Court jurisprudence, the Louisiana Supreme court has noted that the Sixth Amendment's right to counsel equates to the right to effective assistance of counsel. *State v. Thomas*, 12-1410 (La. 9/4/13), 124 So.3d 1049. A defendant advancing a claim of ineffective assistance of counsel must first demonstrate that his or her counsel's representation fell below an objective standard of reasonableness. *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984)). Although defense counsel may err, and do so in a way that is professionally unreasonable, such an error does not warrant setting aside the judgment in the event the error has no effect on the judgment. *Id.* Instead, a deficiency in defense counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance of counsel. *Id.* Accordingly, a defendant must also "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* at 1053 (quoting *Strickland*, 466 U.S. at 694). The ultimate focus of the inquiry remains on the fundamental fairness of the proceeding at issue. *Id.*

This court has previously explained that counsel's failure to file a motion to reconsider sentence does not necessarily constitute ineffective assistance of counsel. *State v. Anderson*, 13-42 (La.App. 3 Cir. 7/3/13), 116 So.3d 1045, *writ denied,* 13-1806 (La. 5/16/14), 139 So.3d 1019. Rather, and in keeping with

3

the standard addressed above, the defendant must show a reasonable probability that, but for his or her counsel's error, the resulting sentence would have been different. *Id.* An appellate court may review a defendant's assigned error or ineffective assistance of counsel if the record is sufficient for such consideration. *Id.* Finding the record sufficient in this case, we turn to consideration of defendants' assignments of error.

The defendant pled guilty to simple burglary. Louisiana Revised Statutes 14:62(B) provides that "[w]hoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both." As noted above, the defendant received a sentence of nine years at hard labor, with credit for time served. The trial court ordered that three years of the sentence run concurrently with the defendant's sentence on a prior simple burglary conviction for which he had been on parole at the time of this crime. Accordingly, the defendant's sentence, without taking into account that it is to be served concurrently, represents three-fourths of the maximum potential sentence.

Louisiana Code of Criminal Procedure Article 894.1 lists mitigating and aggravating factors for a trial court's consideration at the time of sentencing. In sentencing, a trial court is not required to list every aggravating or mitigating circumstance provided by Article 894.1. *State v. Smith*, 433 So.2d 688 (La.1983). Rather, the record must reflect the trial court's adequate consideration of the guidelines of the provision. *Id.* In this case, the trial court broadly stated that it "considered the aggravating and mitigating circumstances listed in the applicable provisions of the Louisiana Code of Criminal Procedure." Thereafter, the trial court noted the defendant's struggle with substance abuse, the generally nonviolent

4

nature of his criminal history, and acknowledged the "petty crime," nature of the offense, all of which the defendant relies upon as important mitigating circumstances in his sentence. Chiefly, however, the trial court discussed the defendant's lengthy criminal history, noted the defendant's "seven prior felony convictions[,]" and concluded that the "only way to keep [the defendant] from committing another crime" was incarceration. The trial court also observed that the defendant was not eligible for a suspended sentence and found that the defendant greatly benefited from the State's agreement not to seek habitual offender enhancement since "this conviction could absolutely result in a life sentence. Not anything else, life." Given this factual basis, supported by the record, we find no indication that the trial court failed to comply with La.Code Crim.P. art. 894.1. Thus, the defendant has failed to show that there is a reasonable probability that his sentence would have differed if his counsel had filed a motion to reconsider sentence for failure to follow Article 894.1.

Additionally, and even without the filing of the motion to reconsider sentence, the defendant's sentence could have been reviewed by this court as a "bare" review of the excessiveness claim. Louisiana Code of Criminal Procedure Article 881.1(E) provides that "[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." However, in this case, the defendant personally challenged the sentence at the time it was imposed at the sentencing hearing. Thus, the trial court was in a position to correct any deficiency asserted. *See State v. Mims*, 619 So.2d 1059 (La.1993). Further, this court has

5

reviewed claims of excessiveness even where no objection was made and no motion to reconsider sentence filed. *See, e.g.*, *State v. Harris*, 13-133 (La.App. 3 Cir. 12/11/13), _ So.3d _, *writ denied*, 14-0476 (La. 11/7/14), _ So.3d _; *State v. Jackson*, 11-923 (La.App. 3 Cir. 6/6/12), 92 So.3d 1243, *writ denied*, 12-1540 (La. 1/18/13), 107 So.3d 626; *State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, __ U.S. __, 131 S.Ct. 932 (2011).

In *Jackson*, 92 So.2d at 1245-46, a panel of this court observed that the following standard has been used in reviewing such excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

> To decide whether a sentence shocks one's sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> > [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State*

> *v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, writ denied, 03-562 (La.5/30/03), 845 So.2d 1061.

After such a review, and in consideration of both of the defendant's assignments of error, we do not conclude that the defendant's nine-year sentence was excessive under the circumstances or that there was a reasonable probability that the sentence would have differed upon further review by the trial court. Certainly, this offense involved minimal danger to life and minimal loss of property (the PSI report estimated a loss of $1,398.98 to the involved business). And, it is of no small moment that the nature of this burglary did not involve a particularly invasive/threatening manner of unauthorized entry, i.e., the defendant inserted his arm through a window. Finally, and as observed by the trial court, the commission of the offense as well as his criminal history is considered in the context of an apparently longstanding struggle with substances abuse.

However, despite those circumstances, the trial court pointed out that the defendant has a decades-long criminal history. The trial court identified seven felony offenses, which, according to the PSI, include a 1981 conviction for simple burglary, a 1981 conviction of simple robbery, a 1986 conviction for possession of cocaine, a 1989 conviction for distribution of cocaine, a 1995 conviction for distribution of crack cocaine, a 2004 conviction for possession of cocaine, and a

2010 conviction for simple burglary. The PSI reports that a twelve-year, hard labor sentence was imposed for the 2010 conviction. The transcript and the trial court's sentence for the present offense indicate that the defendant was on parole from the 2010 simple burglary conviction at the time the subject crime was committed. The PSI further details various arrests dating to 1976 as well as numerous misdemeanor convictions. Citing this history, the trial court described such conduct as "literally incorrigible" and noted the serious penalties at risk but for the State's agreement not to pursue habitual offender status. *See* La.R.S. 15:529.1.

Neither do we find that reference to sentences for similarly situated defendants reveals an abuse of the trial court's sentencing discretion. Instead, this circuit has affirmed greater sentences for simple burglary convictions involving uninhabited property. *See State v. Miller*, 12-1401 (La.App. 3 Cir. 6/5/13), 114 So.3d 670 (wherein a panel of this court affirmed a twelve-year sentence for the simple burglary of a vehicle where the offender benefitted from not being charged as a habitual offender). *See also State v. Runnels*, 12-167 (La.App. 3 Cir. 11/7/12), 101 So.3d 1046, *writ denied*, 13-498 (La. 7/31/13), 118 So.3d 1121 (wherein a panel of this court affirmed a ten-year sentence, three years suspended, for the simple burglary of a restaurant storage shed).

Finally, and although the defendant identifies his nine-year sentence as an "upper range sentence," it is noteworthy that three years of that sentence were ordered to run concurrently with the sentence to be served due to the parole violation for the unrelated, 2010 simple burglary conviction. *See* La.Code Crim.P. art. 883.

For these reasons, we leave the defendant's sentence undisturbed and affirm the defendant's sentence, finding no abuse of discretion in the trial court's imposition of sentence. We further conclude that the defendant did not demonstrate that his trial counsel rendered ineffective assistance of counsel.

The defendant's assignments lack merit.

## DECREE

For the foregoing reasons, the defendant's sentence is affirmed.

**AFFIRMED.**