AMY, Judge.
hFollowing a bench trial, the defendant was convicted as charged of distribution of marijuana. The trial court imposed a fifteen-year sentence to be served at hard labor. Thereafter, and pursuant to a bill of information filed by the State, the trial court adjudicated the defendant a fourth felony offender, vacated the fifteen-year sentence, and imposed the mandatory life sentence set forth in La.R.S. 15:529.1. Pursuant to the statute, the trial court imposed the sentence without benefit of parole, probation, or suspension of sentence. The defendant appeals. For the following reasons, we affirm.
Factual and Procedural Background
The State alleged that an undercover sheriffs deputy working with the Vermilion Parish Sheriffs Office located an individual on a street in Abbeville, inquired where he could purchase marijuana, and was taken to a residence. The deputy testified that a subject he identified as the defendant, Derrick L. Harris, walked from the residence and sold him marijuana for $80.
Based on that transaction, the State charged the defendant with distribution of marijuana, a violation of La.R.S. 40:966(A)(1). After the matter proceeded to a bench trial, the defendant was convicted as charged. At sentencing, the trial court sentenced the defendant to fifteen years at hard labor, a mid-range sentence for the conviction of distribution of marijuana.[1] The trial court subsequently denied the defendant’s motion to reconsider the sentence.
Following the defendant’s conviction, the State filed a bill of information, along with amendments, listing a total of six felonies, including the conviction for ^distribution of marijuana. Following a hearing, the trial court adjudicated the defendant a fourth felony offender. Accordingly, the trial court vacated the fifteen-year sentence imposed for distribution of marijuana and imposed a sentence of life imprisonment without benefit of probation, parole, or suspension of sentence.
The defendant appeals, arguing that the sentence of life imprisonment is constitutionally excessive.[2] In addition to his *698 counsel-assisted brief, the defendant advances two assignments of error in proper person, asserting that the trial court erred in admitting testimony that violated the Confrontation Clause and, also, that he did not have the benefit of effective assistance of counsel.
Discussion

Errors Patent

Pursuant to La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. We have identified no such errors.

Confrontation Clause

In addressing the underlying conviction for distribution of marijuana, the defendant argues in his brief filed in proper person that the trial court erred in permitting what he contends was impermissible hearsay testimony offered by the State. He argues that the acceptance of the various points of evidence, discussed below, violated the Confrontation Clause. See U.S. Const. amend. VI; La. Const. art. 1, § 16.
| ^Police Reports
The undercover drug purchase at issue in the distribution of marijuana case involved an undercover officer approaching an individual who, according to testimony, appeared to be a juvenile and who led them to the defendant’s location. The defendant questions the State’s use of the term “The Juvenile” in the reports of two officers involved in the undercover drug purchase rather than the use of the juvenile’s name. The defendant suggests the individual’s identity was known to all involved, that everyone was aware that the individual’s mother was in a relationship with the defendant, and that the State should have been required to call the individual as a witness so as to permit cross examination. Absent this opportunity, the defendant argues, he could not conduct questioning regarding the video recording of the drug transaction and could not contest the undercover officer’s testimony. The defendant also questions the State’s failure to call an additional officer as a witness, although the witness was present at trial.
In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court explained that the Confrontation Clause prohibits the use of testimonial, out-of-court statements unless the witness is unavailable and the defendant had a prior opportunity to cross-examine that witness. However, the defendant’s focus in this argument does not address testimonial, out-of-court statements. The State largely presented its evidence through the testimony of the undercover agent who performed the drug transaction with the defendant. A DVD recording of the alleged exchange was admitted as well. Instead, the defendant complains of the contents of a police report, with references to “The Juvenile,” which was not introduced into evidence by the State, and is only contained elsewhere within the record. Similarly, the defendant asserts that he should have phad the opportunity to cross-examine another officer who was present at trial but was not called by the State as a witness. The defendant has not connected that desired witness to any testimonial, out-of-court statement. Accordingly, the defendant’s argument lacks merit.

Chain of Custody

The defendant also asserts that the State failed to establish the chain of custody with regard to certain evidence. First, the defendant contends that the underly *699 ing offense allegedly occurred on October 2, 2008, yet, the DVD recording of the alleged transaction was dated otherwise. Further, the defendant also questions the fact that the State presented a witness who testified regarding the lab results from the seized marijuana, but that the witness was not the individual who conducted the tests. In support of his argument, the defendant cites Bullcoming v. New Mexico, — U.S. —, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011)(wherein the United States Supreme Court explained that, if the State presents a report or certification from tested evidence, then the person called to testify regarding that report or certification must have conducted or observed the underlying testing). The defendant again contends that the State’s presentation of evidence in this regard violated the Confrontation Clause.
With regard to the chain of custody of the marijuana, however, the defendant’s trial counsel stipulated to the unbroken chain from the point of recovery from the officer to the courtroom. Accordingly, that issue was waived. Neither do we find merit in the defendant’s contention that the State’s witness who identified the retrieved substance as marijuana did not perform the testing. Rather, Rachel Wickman of the Acadiana Crime Lab testified that she personally performed testing on the submitted sample. The substance had been resubmitted for | s testing after the analyst who originally tested the substance became unavailable for trial. Thus, as presented, the State’s evidence, as complained of by the defendant, does not violate Bullcoming, — U.S. —, 131 S.Ct. 2705. Accordingly, this assignment lacks merit.

Assistance of Counsel

Additionally, the defendant contends that both his trial and appellate counsel offered ineffective assistance. With regard to his trial counsel, the defendant contends that his attorney failed to adequately conduct pre-trial discovery and investigation. He asserts that such pretrial investigation would have uncovered additional law enforcement officers involved in the investigation who could have been called as witnesses. Additionally, the defendant notes that a DVD of the alleged drug transaction was played at trial although no audio was available. He argues that other officers could have been called to narrate the DVD and the events captured therein. Finally, and with regard to appellate counsel, the defendant claims that his attorney should have raised the Confrontation Clause argument he raised in proper person, discussed above.
A criminal defendant is guaranteed the effective assistance of counsel pursuant to U.S. Const. amend. VI and La. Const. art. 1, § 13. In pursuit of such a claim of ineffective assistance of counsel, a defendant must establish “(1) that counsel’s per-. formance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel’s inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect.” State v. Leger, 05-0011, p. 44 (La.7/10/06), 936 So.2d 108, 142-43 (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and State v. Washington, 491 So.2d 1337 (La.1986)), cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007). However, a claim of ineffective assistance of counsel is typically more properly resolved by post-conviction proceedings as it allows the trial court to conduct a full evidentiary hearing, if warranted. Id. However, if the appellate record contains sufficient evidence to review the defendant’s claim, the matter may be *700 considered on appeal in the interest of judicial economy. Id.
After review, we conclude that resolution of the defendant’s claims regarding the adequacy of pre-trial discovery and decisions of representation regarding the calling of witnesses and lodging of arguments may require the testimony of those involved. Accordingly, we do not consider the defendant’s assignment and relegate the argument regarding effective assistance of counsel to post-conviction relief. Habitual Offender Sentence
In counsel-filed brief, the defendant addresses the life sentence imposed following his adjudication as a fourth-felony offender. He references the factual circumstances of the distribution of marijuana offense and notes that the amount was nominal, e.g., less than one gram of marijuana for $30, in arguing that the life-sentence resulting from the habitual offender proceeding is disproportionate. He references a number of mitigating factors from his background and notes that, at the time the trial court imposed the original sentence of fifteen years for the distribution of marijuana conviction, the trial court remarked that he was not the most egregious type of offender.
We first note that the defendant did not object to the life sentence at the time of imposition, nor did he file a motion to reconsider that sentence. In such an instance, La.Code Crim.P. art. 881.1(E) provides that the failure “shall preclude the state or the defendant from raising an objection to the sentence or from urging any |7ground not raised in the motion on appeal or review.” Thus, this court is relegated to a bare claim of excessiveness on review. See State v. Runnels, 12-167 (La.App. 3 Cir. 11/7/12), 101 So.3d 1046.
In this instance, the defendant was adjudicated a fourth felony offender. In this regard, Louisiana Revised Statutes 15:529.1 provides, in pertinent part:
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
[[Image here]]
(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
[[Image here]]
(b) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The record demonstrates that the State proved that the defendant had a total of six felony convictions: distribution of cocaine, simple burglary, theft with a value between three and five hundred dollars, two counts of simple robbery, and, finally, distribution of marijuana. Pursuant to La.R.S. 14:2(B)(23), the prior convictions for simple robbery are classified as convictions for crimes of violence. Additionally, both the distribution of marijuana and dis *701 tribution of cocaine convictions were for violations of the controlled dangerous substances law and |swere punishable by sentences of more than ten years. See La. R.S. 40:966(B)(3); La.R.S. 40:967(B)(4)(b). Thus, La.R.S. 15:529.1(A)(4)(b) dictated that “the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.”
As explained in State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, the Louisiana Supreme Court has repeatedly found the habitual offender law of La.R.S. 15:529.1 to be constitutional in its entirety. By extension, its minimum sentences imposed on habitual offenders are presumed to be constitutional as well. Id. Although the judiciary affords great deference to the legislature’s determination of an appropriate minimum sentence, the court can declare a sentence unconstitutionally excessive under the facts of a particular case even though it falls within the statutory parameters set forth by the legislature. Id. However, that power may only be exercised “when the court is clearly and firmly convinced that the minimum sentence is excessive.” Id. at 676.
The supreme court instructed that a sentencing judge must start with the presumption that the mandatory sentence of the habitual offender law is constitutional and may only depart from that upon a finding of clear and convincing evidence to rebut that presumption. Johnson, 709 So.2d 672. Notably,
A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. While the classification of a defendant’s instant or pri- or offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. LSA-R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a “crime of violence” under LSA-R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of ^violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant’s record of non-violent offenses may play a role in a sentencing judge’s determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.
Id. at 676. Rather, and in order to rebut the presumption of constitutionality, a defendant must clearly and convincingly demonstrate that he or she is exceptional. Id. On this final point, the supreme court further explained that the defendant must show that he or she is the victim of the legislature’s failure to assign sentences that are meaningfully tailored to his or her culpability, the gravity of the offense, and the circumstances of the case. Id. In evaluating the defendant’s argument regarding a lesser sentence, the trial court must be mindful of the goals of the habitual offender provision. Id. As explained in Johnson,
Clearly, the major reasons the Legislature passed the Habitual Offender Law were to deter and punish recidivism. Under this statute the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence be *702 cause he continues to break the law. Given the Legislature’s constitutional authority to enact statutes such as the Habitual Offender Law, it is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution.
Id. at 677.
In this case, the trial court imposed the mandatory life sentence as required by La.R.S. 15:529.1(A)(4)(b). Although the defendant references the trial court’s ac-knowledgement of certain mitigating circumstances and the fact that he was not the worst type of offender under the law, the'trial court made those comments at the time of the sentencing for the underlying distribution of marijuana conviction. At that time, the State had urged the imposition of the maximum, thirty-year | msentence for that conviction. Finding that the defendant was not the worst offender, however, the trial court imposed a mid-range fifteen-year sentence. Subsequently, and after the habitual offender adjudication, the trial court directly imposed the term of life imprisonment without comment as to mitigating factors.
Additionally, the defendant’s argument regarding the excessiveness of his sentence is made in reference to the circumstances of only his last felony conviction for distribution of marijuana. However, the sentence now contested resulted from adjudication under La.R.S. 15:529.1(A)(4)(b). Thereunder, the State demonstrated that the defendant had a total of six felony convictions and that the convictions fit the parameters of the statute. Accordingly, we find no abuse of discretion in the trial court’s imposition of the mandatory life sentence described therein.
While we recognize the defendant’s contention that the circumstances regarding his most recent conviction do not reflect the most grave type of offense, it is important to recall that La.R.S. 15:529.1(A)(4)(b) is specifically directed to the repeat felony offender. As noted above, the supreme court has remarked that “the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state.” Johnson, 709 So.2d at 677. In this case, the State clearly demonstrated that the defendant is such a recidivist offender, having been convicted of six felony convictions. In this light, we do not find that the trial court was obligated to find that the circumstances of the defendant’s offense(s) were exceptional and supportive of a downward deviation from the mandatory life term of La.R.S. 15:529.1(A)(4)(b). Accordingly, we affirm the defendant’s sentence.
This assignment lacks merit.
luDECREE
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.

. See La.R.S. 40:966(B)(3) which provides that a defendant convicted of distribution of marijuana shall "be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars.”

. The defendant also reserved the right to file an assignment of error regarding the waiver of his right to jury trial after a supplemental transcript pertaining to that issue was received. However, and although the record *698 now contains that transcript, the defendant did not file a related assignment.